**MODIFY and AFFIRM; and Opinion Filed July 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00554-CV

### WEKNOW TECHNOLOGIES, INC., Appellant
### V.
### JOE HAYES, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-14271**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Schenck
Opinion by Justice Fillmore

A jury found WeKnow Technologies, Inc. violated Chapter 162 of the property code, *see*
TEX. PROP. CODE ANN. §§ 162.001–.033 (West 2014) (the Act), by misapplying construction trust
funds and awarded Joe Hayes actual damages of $5,508.87 and attorney's fees of $15,000. In two
issues, WeKnow asserts the trial court erred by submitting jury questions relating to the Act
because Hayes does not fall within the class of persons entitled to the Act's protection and the Act
does not authorize an award of attorney's fees.

We conclude the trial court did not err by submitting questions to the jury regarding
WeKnow's liability under the Act. However, because the Act does not provide for an award of
attorney's fees, *see Dudley Constr., Ltd. v. ACT Pipe & Supply, Inc.*, 545 S.W.3d 532, 541–42
(Tex. 2018), the trial court erred by asking the jury to determine the amount of reasonable and

necessary attorney's fees incurred by Hayes. We reverse the trial court's award to Hayes of $15,000 for attorney's fees, modify the judgment to remove the award of attorney's fees, and affirm the judgment as modified.

## Background

In early 2011, Southwest Windpower (SWWP), a manufacturer of wind turbines, announced it had developed a new model, the Skystream 600, which could generate more electricity than SWWP's existing model, the Skystream 3.7. However, although the Skystream 600 was undergoing testing, it was not yet in production. SWWP instructed its dealers, including WeKnow, that if a customer requested a Skystream 600, the customer should be offered a Skystream 3.7 with a "bridge" to a Skystream 600 once that turbine became available.

Hayes read about the Skystream 600 and was interested in purchasing two of the wind turbines to be used at his residential property in Grayson County, Texas. Hayes contacted WeKnow about the purchase. On April 1, 2011, J.D. Doskocil, a sales representative for WeKnow, met with Hayes at his residence to discuss the purchase of two Skystream 600 wind turbines. Hayes agreed to purchase the wind turbines and gave Doskocil $20,000 in cash. At Hayes's request, Doskocil prepared a handwritten receipt that stated:

> In receipt of $20,000 down payment on total of $46,190.43 for two Skystream 600 wind turbines to include all warranties and installation.

Hayes and his wife also signed a "Sales Agreement" dated April 1, 2011.[1] The "description" in the Sales Agreement stated Hayes was purchasing two Skystream 3.7 wind turbines and related equipment and a "Skystream 600 w/ FREE installation Upgrade - Turbine will be placed on order and installed once it's available. Could be late this summer!" The total

---

[1] There was conflicting evidence on whether the sales agreement was signed on April 1, 2011, or dated April 1, 2011, but signed later.

purchase price on the Sales Agreement was $46,190.43, which included a charge of $2,500 per turbine for the upgrade to the Skystream 600.

After WeKnow began the construction of the foundations for the wind turbines, it encountered "blue rock," and was required to rent equipment and expend additional labor for rock removal that was not contemplated by the Sales Agreement. On April 19, 2011, WeKnow sent Hayes an invoice for $2,175 for the additional "rock work." WeKnow also sent Hayes interim invoices on April 12, 2011, and May 13, 2011, each for approximately one-half of the outstanding balance on the Sales Agreement. Both the April 12th and May 13th invoices contained the same line item for the upgrade to the Skystream 600 turbine that was contained in the Sales Agreement. Hayes signed all the invoices, indicating he had "received the product and the services," and paid WeKnow the remaining $26,190.43 owed on the purchase price as well as the $2,175 charged for the additional rock work. WeKnow placed all funds it received from Hayes into its checking account.

In October 2011, SWWP announced the production of the Skystream 600 turbine was delayed indefinitely. Deanne Crumpley, the account manager at WeKnow, prepared and mailed a check for $5,000 to Hayes, representing the charge on the Sales Agreement for the upgrade to the Skystream 600. The check was never cashed, and Hayes denied at trial that he received it.

On March 29, 2013, WeKnow filed for Chapter 7 bankruptcy. In its bankruptcy schedules, WeKnow did not list Hayes as a person potentially having a claim against the estate. WeKnow's bankruptcy schedules stated that, within one year prior to the filing of the bankruptcy petition, WeKnow had distributed over $40,000 to Charles Crumpley (Charles), WeKnow's president and chief executive officer. Further, in the ninety days immediately preceding the filing of the bankruptcy petition, WeKnow had transferred over $75,000 to Aztec Renewable Energy. Charles described Aztec as his "other company" that WeKnow hired to complete several jobs. According

to the bankruptcy schedules, WeKnow had only $300.34 in its checking and savings accounts as of April 19, 2013. On November 25, 2013, WeKnow filed a Certification of Termination of a Domestic Entity with the Texas Secretary of State, stating it had made a voluntary decision to "wind up" its business operations.

On December 9, 2014, Hayes sued WeKnow for breach of contract and WeKnow and Charles for violations of the Act. The jury found WeKnow breached its contract with Hayes, but the breach was excused due to impossibility of performance. The jury also found WeKnow violated the Act, but Charles did not. The jury found WeKnow had misapplied trust funds in the amount of "$5,000 + tax," and awarded Hayes actual damages of $5,508.87 and attorney's fees of $15,000. The trial court rendered judgment against WeKnow in accordance with the jury's findings.

## Analysis

In two issues, WeKnow contends the trial court erred by submitting jury questions relating to the Act because, as a matter of law, Hayes is not entitled to protection under the Act and attorney's fees are not recoverable under the Act.

### *Standard of Review*

Rule of civil procedure 278 requires a trial court to submit to the jury questions "raised by the written pleadings and the evidence." TEX. R. CIV. P. 278; *see also Grohman v. Kahlig*, 318 S.W.3d 882, 888 (Tex. 2010) (per curiam). This is a "substantive, non-discretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and any evidence support them." *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992). A jury question is warranted if there is more than a scintilla of evidence to support a pleaded claim. *Id.*; *Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 727 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A trial court may refuse to submit an issue only if no evidence exists to warrant its

submission. *Grohman*, 318 S.W.3d at 888 (citing *Elbaor*, 845 S.W.2d at 243). We review a trial court's decision to submit a jury question for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016); *Ins. All. v. Lake Texoma Highport, LLC*, 452 S.W.3d 57, 76 (Tex. App.—Dallas 2014, pet. denied).

Statutory construction is a question of law that we review de novo. *City of Houston v. Houston Mun. Emps. Pension Sys.*, No. 17-0242, 2018 WL 2749728, at *9 (Tex. June 8, 2018). "Our goal in construing statutes is to 'ascertain and give effect to the Legislature's intent as expressed by the language of the statute.'" *Id.* (quoting *McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 834 (Tex. 2016)). "When statutory text is clear, we do not resort to rules of construction or extrinsic aids to construe the text because the truest measure of what the Legislature intended is what it enacted." *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017); *see also In re Lee*, 411 S.W.3d 445, 450–51 (Tex. 2013) (orig. proceeding) ("[U]nambiguous text equals determinative text," and "[a]t this point, the judge's inquiry is at an end.").

In conducting our analysis, we presume "the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *City of Laredo v. Laredo Merchs. Ass'n*, No. 16-0748, 2018 WL 3078112, at *8 (Tex. June 22, 2018) (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). Accordingly, we "read statutes contextually to give effect to every word, clause, and sentence." *Melden & Hunt, Inc.*, 520 S.W.3d at 893. We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Gunn v. McCoy*, No. 16-0125, 2018 WL 2994534, at *17 (Tex. June 15, 2018).

*Applicability of the Act*

In its first issue, WeKnow asserts the trial court erred by submitting any jury questions relating to the Act because Hayes does not fall within the "type or class of persons the legislature was attempting to protect when it originally enacted the Act in 1967." WeKnow specifically argues the Act imposes fiduciary duties on general contractors to ensure that artisans, laborers, mechanics, contractors, subcontractors, and materialmen are paid and because Hayes does not fall within this class of persons, his claim under the Act was "improper as a matter of law and should not have been submitted to the jury."

The Act provides protection to certain persons from a contractor's refusal to pay for labor and materials provided on a construction project. *Choy v. Graziano Roofing of Tex., Inc.*, 322 S.W.3d 276, 282 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Under the Act, construction payments are trust funds if they are made to a contractor or subcontractor or to an officer of the contractor or subcontractor "under a construction contract for the improvement of specific real property in this state." TEX. PROP. CODE ANN. § 162.001(a); *see also Dealers Elec. Supply Co. v. Scoggins Constr. Co., Inc.*, 292 S.W.3d 650, 657 (Tex. 2009). The contractor, subcontractor, or the officer who receives the trust funds is considered a trustee of the funds. TEX. PROP. CODE ANN. § 162.002; *Border States Elec. Supply of Tex., Inc. v. Coast to Coast Elec., LLC*, No. 13-13-00118-CV, 2014 WL 3953961, at *4 (Tex. App.—Corpus Christi May 29, 2014, pet. denied) (mem. op.). As originally enacted, the Act defined the statutory beneficiaries of the trust funds as artisans, laborers, mechanics, contractors, subcontractors, and materialmen who labor or furnish labor or materials for the construction or repair of an improvement. *See* Act of May 15, 1967, 60th Leg., R.S., ch. 323, § 1, 1967 Tex. Gen. Laws 770, 770. However, in 2009, the Legislature extended the Act's protection to property owners "in connection with a residential construction contract." Act of May 19, 2009, 81st Leg., R.S., ch. 1277, § 3, 2009 Tex. Gen. Laws 4029, 4029 (codified at

TEX. PROP. CODE ANN. § 162.003(b)); *Hartman v. Norman*, No. 09-16-00333-CV, 2017 WL 4682173, at *5 (Tex. App.—Beaumont Oct. 19, 2017, pet. denied) (mem. op.) ("A property owner is a beneficiary of trust funds in connection with a residential construction contract, including funds deposited into a construction account.").

A contractor who enters into a written contract with a property owner to construct improvements on a residential homestead for an amount exceeding $5,000 is required to deposit the trust funds into a construction account in a financial institution. *Id.* § 162.006(a). Trust funds may only be distributed for purposes unrelated to the construction project after all current or past due obligations to the beneficiaries have been paid. *Id.* § 162.031(a); *Constructors & Assocs., Inc. v. First Nat'l Bank of Cameron*, No. 03-10-00357-CV, 2011 WL 2770234, at *3 (Tex. App.—Austin July 14, 2011, no pet.) (mem. op.). A trustee misapplies the trust funds when it intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries. TEX. PROP. CODE ANN. § 162.031(a). "A party who misapplies trust funds under the [Act] is subject to civil liability to trust-fund beneficiaries whom the Act was designed to protect." *Dealers Elec. Supply Co.*, 292 S.W.3d at 657; *see also C&G, Inc. v. Jones*, 165 S.W.3d 450, 453 (Tex. App.—Dallas 2005, pet. denied).

The Act unambiguously includes property owners as persons entitled to protection from a contractor's misapplication of trust funds in connection with a residential construction contract.[2] In this case, WeKnow agreed to install two wind turbines on Hayes's residential property, including the construction of foundations and towers to support the turbines. In return, Hayes paid WeKnow $46,190.43 under the Sales Agreement plus $2,175 for additional work required in completing the foundations for the turbines. In is undisputed that WeKnow properly disbursed

---

[2] WeKnow did not argue in either the trial court or in this appeal that the Sales Agreement was not a residential construction contract.

$41,190.43 of the funds paid pursuant to the Sales Agreement and the $2,175 for the additional rock work. However, the Sales Agreement specified the remaining $5,000 of the funds paid by Hayes to WeKnow was for the upgrade of the wind turbines to the Skystream 600 model. WeKnow failed to install the Skystream 600 wind turbines on Hayes's property and admitted it was required to refund to Hayes the $5,000 that he paid for the upgrade. At the time WeKnow ceased business operations, Hayes had not received the refund and WeKnow no longer had the money, indicating it had disbursed the trust funds without fully paying all its obligations to Hayes.

Because the Act is a remedial statute, we give it a broad construction to effectuate its protective purposes. *C&G, Inc.*, 165 S.W.3d at 454; *see also Dealers Elec. Supply Co.*, 292 S.W.3d at 658. On this record, we conclude there was more than a scintilla of evidence that the funds Hayes paid to WeKnow were construction funds, WeKnow was a trustee of the trust funds, Hayes was a beneficiary of the trust funds, and Hayes suffered the type of injury chapter 162 of the property code was intended to prohibit. *See* TEX. PROP. CODE ANN. § 162.031; *Hartman*, 2017 WL 4682173, at *6 (as beneficiary under the Act, property owner had interest in ensuring contractor was utilizing trust funds for construction project). Accordingly, the trial court did not err by submitting questions to the jury relating to WeKnow's liability under Act. We resolve WeKnow's first issue against it.

### *Attorney's Fees*

In its second issue, WeKnow asserts the trial court erred by submitting to the jury a question regarding the amount of attorney's fees to be awarded to Hayes for any violation of the Act. While this case was on appeal, the Texas Supreme Court determined the Act does not provide for the recovery of attorney's fees. *Dudley Constr., Ltd.*, 545 S.W.3d at 541–42. We therefore resolve WeKnow's second issue in its favor and reverse the trial court's award to Hayes of $15,000 for attorney's fees.

We modify the judgment to remove the award of attorney's fees and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b); *Larrison v. Catalina Design*, No. 02-10-00167-CV, 2011 WL 582730, at \*5–6 (Tex. App.—Fort Worth Feb. 17, 2011, no pet.) (mem. op.).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

170554F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WEKNOW TECHNOLOGIES, INC.,
Appellant

No. 05-17-00554-CV          V.

JOE HAYES, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-14-14271.
Opinion delivered by Justice Fillmore,
Chief Justice Wright and Justice Schenck
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The award of $15,000.00 for reasonable and necessary attorney's fees is removed from the judgment.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Joe Hayes recover the full amount of the trial court's judgment from appellant WeKnow Technologies, Inc. and from the cash bond deposit. After all amounts due under the judgment have been paid, the District Clerk is directed to release the balance, if any, of the cash deposit to Charles Reed.

It is **ORDERED** that the parties bear their own costs on appeal.

Judgment entered this 10th day of July, 2018.